UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| COBB P & G, INC. | ) | CASE NO.: | 09-51162 |
| DEBTOR | ) | | (CHAPTER 12) |
| | ) | | |

CHAPTER 12 PLAN OF REORGANIZATION

The Chapter 12 Debtor, acting through counsel, herewith submits to the Court, the trustee, and all creditors, the following Chapter 12 Plan of Reorganization.

I.      PLAN OF REORGANIZATION

1.      Future Income.  The Debtor submits all future earnings or other future income to the supervision and control of the trustee and agrees to pay to the trustee all of its net disposable income during the term of this plan.  The Debtor commits to pay sufficient monies to the trustee for the benefit of its unsecured creditors, so that said creditors receive more than they would have received in a hypothetical Chapter 7 liquidation filed on the effective date of the plan.

2.      Classification of Claims and Interests.  Claims shall be divided into the following classes:

A.      Claims secured by real property.  Each such claim shall be treated separately.

B.      Claims secured by farm-related personal property.  Each such claim shall constitute a separate class.

C.      Priority claims.  All claims entitled to priority under 11 U.S.C. §507 will be treated in Class C.

D.      Unsecured claims.  A creditor's whose claim is secured by collateral which is less in value than the amount of their claim will have their secured claim reduced to the value of such collateral; and the undersecured portion of their claim will be deemed an unsecured claim and dealt with as such in Class C.

Secured claims to be treated within classes A and B will be described below by (1) name of creditor, (2) amount owed, (3) security for the debt and (4) value of the secured property.  The method of payment, by amounts and intervals, will be defined for each class.  Periodic payments to certain secured creditors will extend beyond the life of the plan, but nevertheless are considered part of the plan.  Modification of the rights of holders of secured claims will be described within each class.  Each secured creditor shall retain its lien until the allowed secured claim is paid in full.

Unsecured claims are treated within Class C and will be paid at such times and in such amounts as the trustee shall determine.  No interest will be paid on unsecured claims.  Unmatured interest will be rebated in determining the allowed amount of any claim.

4.      Classes and Treatment of Claims.

The classes and treatment of claims are as follows:

**SECURED CLASS A-1** represents the Farm Service Agency guaranteed claim of Integra Bank, NA secured by 100 acres of real property, improved by the Debtor's hog facilities,  located in Caldwell County, Kentucky.[1] The value of this real property is $300,000.  This claim will be paid with interest at the rate of 4.25 per cent (4.25%) per annum through three hundred and sixty monthly

---

[1]      Integra Bank NA has filed two claims each of which are secured by the same real estate mortgage on the Debtor's real property and by the Debtor's hog inventory.  The total of these claims are $472,601.65 [$252217.33 (Claim No. 1) and $220,384.32 (Claim No. 2)].  These claims will be treated according to the type and value of the collateral in this plan.

installments of one thousand four hundred seventy five dollars and 82/100 ($1,475.82) beginning

ninety days following the effective date of the plan and each month thereafter until paid.

**SECURED CLASS B-1** represents the Farm Service Agency guaranteed claim of Integra

Bank, NA secured by the Debtor's hog inventory.  As of the effective date of the plan, the Debtor

projects that its hog inventory will have a value of $153,950.00.[2]

The Debtor proposes to pay twenty five thousand dollars ($25,000.00) on this claim no later

than thirty days following the effective date of the plan.  The Debtor proposes to pay a second

payment of twenty five thousand dollars ($25,000.00) no later than sixty days following the effective

date of the plan.  The remaining secured claim, $103,950.00, will be paid with interest at the rate of

five percent over sixty monthly installments beginning ninety days following the effective date of

the plan and each month thereafter until the claim is paid.  The amount of each such payment will

be $1,961.66.

**SECURED CLASS B-2** represents the claim of the United States Department of Agriculture

by and through the Farm Service Agency ("FSA") which is secured by a lien on the Debtor's farm

equipment and vehicles.  The value of this equipment is $59,100 and its various vehicles are valued

at $10,700.00.  The total value of this secured claim is $69,800. This claim will be paid over 84

monthly installment payments with interest at the rate of five percent per annum (5%).  The amount

of each monthly payment will be $986.55 and the initial monthly payment will be due ninety days

following the effective date of the plan.

---

[2]      The effective date of the plan is projected as February 28, 2010.

**PRIORITY CLASS C** represents tax claims for which the Debtor had liability at the time the petition was filed.  The Debtor is unaware of any priority claim and, as of December 31, 2009, no priority claims had been filed.

**UNSECURED CLASS D** consists of all unsecured creditors.  Dividends to these creditors will be paid by the trustee as he shall determine and as funds become available.  Beginning in September, 2010, the Debtor proposes to tender approximately $1750.00 each month to the trustee for his use in paying unsecured creditors' dividends and administrative expenses.

II.    DISPOSABLE INCOME

Given the nature of the Debtor's business, its cash flow fluctuates based upon the maturity of the Debtor's hog inventory.  A 2010 detailed cash flow is attached hereto.  The amount available for service debt is determined by adding the "Total Period Cash Inflow" to the "Cash From Liquidation" figures.  As creditors will note, "Combined Accumulated Cash Flow" as of December 31, 2010 is projected to be $20957 which represents an amount available for the payment of unsecured creditors.

|  |  |
|---|---|
| Gross income from all sources, farm and nonfarm | $406,357.00 |
| Less farm operating expenses, plan payments and projected taxes | -385,400.00 |
| Projected annual net disposable income | $ 20,957.00 |

III.    ADMINISTRATIVE EXPENSES

1.    Chapter 12 Trustee Fees.  The projections indicate that the Debtors will have ample funds from which to pay Chapter 12 trustee fees.

2.    Attorney Fees and Other Administrative Expenses.  Debtor's counsel holds $3619.00 in her escrow account to apply to court approved fees.  Soon after submission of this plan, Debtor's

counsel will petition the Court for approval of her fees and expenses. If any amount remains due and owing, it will be paid out of the Debtor's net disposable income. Periodically throughout the term of the plan, Debtor's counsel will file fee applications and seek payment from the Debtor, or the trustee, of approved fees and expenses.

IV.    BEST INTEREST OF CREDITORS

The total amount of payments to be made to administrative, unsecured and priority claimholders over the term of the plan is projected to be $104,785.00. The liquidated value of property of the Debtors, as of the effective date of plan, after deduction of allowed secured claims, exemptions available to the debtors and reasonable costs of administration and liquidation (including tax ramifications) in a hypothetical Chapter 7 proceeding, is zero.

V.    EXECUTORY CONTRACTS

The Debtors reject all executory contracts.

VI.    SALES OF PROPERTY

Sales of hogs is in the ordinary course of the Debtor's business and no court approval need be sought prior to such sales. All other sales, such as the liquidation of obsolete equipment, will be brought before the Court and creditors will be given notice of them through the Court's notice system. With Court approval, secured property may be sold free and clear of liens, with the liens attaching to the proceeds of sale, after notice and a hearing.

VII.    FUTURE YEARS' FEASIBILITY AND OPERATING CREDIT

Projections of farm income and expense are highly speculative at best. The best and most reliable information available to the Debtor pertains only to the first year of the plan.

VIII.    TERM OF PLAN, JURISDICTION, AUTOMATIC STAY

The term of this plan shall be five years.  The Court shall retain full jurisdiction of this case for the life of the plan.  The automatic stay of 11 U.S.C. §362 shall remain in full force and effect until final completion of the plan.

IX.    MODIFICATION

This plan may be modified by the debtors pursuant to 11 U.S.C. §1229 upon notice to the trustee and unsecured creditors.

X.    EFFECTIVE DATE OF PLAN

The effective date of the plan is ten days after the entry of the order of confirmation.

Respectfully submitted,

COBB P & G, INC.

By:    /s/_____
Terry Hoffman, President

DEITZ SHIELDS & FREEBURGER, LLP
101 First Street (42420)
P O Box 21
Henderson KY 42419-0021
Tel:   (270) 830-0830
Fax:   (270) 830-9115
Email: sfreeburger@dsf-atty.com
Counsel for Debtor

By:    /s/ Sandra D. Freeburger_____
       Sandra D. Freeburger

CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Chapter 12 Plan of Reorganization was filed electronically with the Court and served electronically by email upon the parties listed with the Court on January 4, 2010 and by regular mail to those creditors shown in the attached matrix who do not received electronic mail.

/s/ Sandra D. Freeburger
Sandra D. Freeburger

1/4/10 wp60\cobb p & g\plan.wpd